## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL WHITE et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-01169** |
| | ) | **Judge Aleta A. Trauger** |
| **DOLGENCORP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Before the court is the Motion for Leave to File Amended Complaint, filed by Daniel White and seventy-one other named plaintiffs who are all current or former employees of defendant Dolgencorp, LLC ("Dolgen"). (Doc. No. 54.) Dolgen opposes the motion on the basis of futility. (Doc. No. 59.) The plaintiffs filed a Reply, and Dolgen, with permission, filed a Surreply. (Doc. Nos. 62, 63.)

As set forth herein, the motion will be granted in part and denied in part, and the plaintiffs will be required to file a revised First Amended Complaint that complies with this Memorandum and the accompanying Order.

## I. BACKGROUND

Seventy-five named plaintiffs filed a Complaint (Doc. No. 1) against Dolgen, alleging that they were improperly classified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") and asserting a single claim under the FLSA based on the resulting denial of overtime compensation during their employment. (Doc. No. 1 ¶ 3.) Each plaintiff worked as a Store Manager at one or more Dollar General Stores, operated by Dolgen, located in twenty-three

different states: Tennessee (four plaintiffs),[1] Alabama (eight plaintiffs), Arkansas (three plaintiffs), Florida (eight plaintiffs), Georgia (six plaintiffs), Iowa (two plaintiffs), Illinois (one plaintiff), Indiana (one plaintiff), Kentucky (one plaintiff), Louisiana (two plaintiffs), Massachusetts (one plaintiff), Michigan (two plaintiffs), Missouri (three plaintiffs), Mississippi (six plaintiffs), North Carolina (three plaintiffs), Nebraska (one plaintiff), New York (one plaintiff), Ohio (three plaintiffs), Oklahoma (three plaintiffs), Pennsylvania (three plaintiffs), South Carolina (five plaintiffs), Texas (three plaintiffs), and West Virginia (four plaintiffs).[2] (Doc. No. 1 ¶¶ 14–87.)

The court previously granted, provisionally, Dolgen's Motion to Sever and Transfer. (*See* Doc. Nos. 49, 50.) The court found misjoinder under Federal Rule of Civil Procedure 20 and held that severance under Rule 21 was appropriate, based in particular on the court's conclusion that "joining seventy-five plaintiffs in one action would make this case unmanageable, would not promote the possibility of settlement, and would not further the interest of judicial economy, as each plaintiff will require different witnesses and different proof for their separate claims." (Doc. No. 49.) The court also found that transfer of the severed claims was appropriate under 28 U.S.C. § 1404. The court entered an Order directing the plaintiffs to either (1) "file a proposed order severing and transferring the cases by individual plaintiff or groups of plaintiffs to the specific judicial districts and divisions within which the stores at which the plaintiffs worked are located" or, alternatively, (2) "file a motion to stay entry of an order severing and transferring the cases and,

---

[1] First-named plaintiff Daniel White is the only plaintiff alleged to have worked at a store located within the geographic reach of the Middle District of Tennessee. The three other Tennessee plaintiffs are alleged to have worked in stores located in counties that fall within the Eastern District of Tennessee. 28 U.S.C. § 123(a)(1) & (2).

[2] One additional individual, Melinda Trinidad, was listed as a plaintiff in the case caption and referenced in paragraph 101, but the Complaint did not affirmatively aver that she worked for Dolgen in any capacity or identify the store in which she might have worked. The proposed First Amended Complaint has corrected this deficiency, indicating that Trinidad worked as a manager at a Dollar General Store in Wilmer, Alabama. (Doc. No. 54-1 ¶ 23.)

concurrently, a Rule 15 motion to amend their Complaint to bring this case as a collective action under 29 U.S.C. § 216(b)." (Doc. No. 50.)

The plaintiffs chose the second option. On January 17, 2025, they filed a Motion to Stay, which the court has already granted (*see* Doc. Nos. 53, 56) and, on the same day, their Motion for Leave to File Amended Complaint (Doc. No. 54). The proposed First Amended Complaint attached to the motion identifies seventy-two of the original seventy-five plaintiffs as "Named Plaintiffs" for purposes of their claim under the FLSA (*see* Doc. No. 54-1 ¶¶ 14–85), even though the entire purpose of filing an amended complaint, as previously directed by the court, is to pursue the FLSA claim as a collective action. Contemporaneously with their Motion for Leave to Amend, thirty-five of the seventy-two Named Plaintiffs filed Consents to Join Suit as Party Plaintiff, notably *not* including first-named plaintiff Daniel White. (Doc. No. 55-1.)

In its Opposition to the motion (Doc. No. 59), Dolgen argues that the proposed amendment is futile, insofar as all plaintiffs other than the first-named plaintiff, Daniel White, are still misjoined and should be severed, for the same reasons the court articulated when it provisorily granted Dolgen's Motion to Sever and Transfer, and that the court should dismiss the claims brought by any plaintiff who has not yet filed a written consent to be a plaintiff in a collective action, as required by 29 U.S.C. § 216(b).

The plaintiffs assert in their Reply that the previously entered Order "provided all plaintiffs—not just Plaintiff White—with the opportunity to seek leave to amend their complaint to pursue a collective action" and that the order did not state "that only Plaintiff White may represent the putative class, nor does it require the putative class members [to] have worked within this judicial district." (Doc. No. 62 at 2.) They contend that, at least until the court conclusively determines that they are, or are not, similarly situated for purposes of the FLSA, they should be

permitted to "serv[e] as both individual and representative plaintiffs" in order to avoid potential prejudice (by losing their claims) if the court finds that they are not similarly situated. (*Id.* at 3.) They now assert that joinder of all plaintiffs is appropriate under Rule 20 because they "jointly assert a right to relief based on the treatment of their claims as a collective action, satisfying the first requirement" of Rule 20 and that "[t]he second requirement is also met because whether the action may proceed to trial on a collective basis presents a common question of law and fact for each named plaintiff and the defendant." (*Id.* at 4.) They argue that the court can sever and transfer their claims to the appropriate court if it ultimately concludes that they cannot proceed as a collective, consistent with the prior order.

Dolgen filed a Surreply in which it contends that the plaintiffs are attempting to make an end-run around the court's previous determination that they had not satisfied the Rule 20 joinder requirements and that their attempt to plead a "dual capacity" lawsuit with over seventy named plaintiffs was foreclosed by the court's Order granting severance. (Doc. No. 63.)

## II.    DISCUSSION

Dolgen does not argue that the proposed First Amended Complaint is substantively futile in the sense that it fails to state a colorable claim for which relief may be granted or fails to adequately allege that the proposed plaintiffs are similarly situated for purposes of 29 U.S.C. § 216(b). Instead, it argues that the Motion for Leave to Amend is procedurally futile, insofar as it fails to comply with the spirit of the court's previous Order, even if it is, at least arguably, literally compliant.

The court finds that the proposed First Amended Complaint is procedurally deficient. Whether the court should have issued a clearer directive or whether the plaintiffs should have done a better job reading between the lines, the fact remains that the proposed First Amended Complaint still seeks improperly to join seventy-two plaintiffs in a single lawsuit. The court understands the

plaintiffs' concerns to arise from a fear of losing any statute of limitations protection or other prejudice if they are not identified as Named Plaintiffs and if the court ultimately determines that this case may not proceed as a collective action. While the plaintiffs' concerns are understandable, the court rejects their attempt to proceed in a "dual capacity" for the same reasons it already determined that seventy-five plaintiffs is too many.

First, the court finds the parties' dispute as to whether the FLSA authorizes claimants to proceed in a "dual capacity" to be somewhat beside the point. FLSA claimants may bring suit individually *or* collectively, and when they bring suit collectively, they do so "in behalf of . . . themselves *and* other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added). In other words, in any collective action, a named plaintiff proceeds in a dual capacity—individually and as a representative. In those cases in which the court determines that the opt-in plaintiffs are not sufficiently similarly situated to proceed with a collective action, the named plaintiffs are still typically permitted to pursue their own claims individually. *Accord, e.g.*, *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010) ("When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs."). Here, the court has already determined that there are too many plaintiffs for them all to proceed in one case individually and, therefore, that they must proceed either as a collective action—with a more circumscribed list of Named Plaintiffs—or through multiple individual actions. The plaintiffs have theoretically chosen the former option but are actually trying to proceed as both one individual action (with seventy-three individual plaintiffs) and a collective action (with seventy-three Named Plaintiffs) at the same time. That option is simply not available to them.

The court believed it had made that much clear when it granted Dolgen's Motion to Sever. To rectify any absence of clarity, the plaintiffs will be given another opportunity to file a *revised*

First Amended Complaint that limits the Named Plaintiffs to a manageable number—based upon the plaintiffs' discretion and that of their counsel, but preferably limited to no more than ten.[3] Beyond that numerical limitation, whom the plaintiffs choose to serve as the Named Plaintiffs in this collective action is up to them, but the court observes that the parties have already identified some natural divisions among the plaintiffs that may warrant the creation of several subgroups, each of which would need to have a representative. For instance, the plaintiffs have already distinguished among groups of plaintiffs based on their ability to discipline, hire, and fire other employees. For its part, Dolgen has indicated that it classifies stores based on Regions within geographical Divisions and also by "complexity" tier. (*See* Doc. No. 33-1, Connow Decl. ¶¶ 4, 11.) The plaintiffs may find it prudent to identify several Named Plaintiffs based on these possible distinctions, and they should seek to ensure that the representative plaintiffs are truly representative. In any event, what they may not do is pursue a collective action with seventy-two Named Plaintiffs who seek to proceed both individually and on behalf of others in a collective action.

The plaintiffs are on notice that the limitations period is technically not tolled as to any individual claimant until that individual has signed and filed a written Consent to Join. 29 U.S.C. § 256(a). Any individual selected to proceed as a Named Plaintiff must also file a Consent to Join. *Id.*; *see also Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675–76 (6th Cir. 2012) ("[C]ourts construe the [statutory] language to do what it says: require a named plaintiff in a

---

[3] The plaintiffs originally indicated that they sought to pursue an individual action and did not need an opt-in or notice period and did not envision joining additional plaintiffs. It is unclear whether that remains true or whether the plaintiffs will seek leave of court to approve the language, method, and timing of notice of this case to other potential opt-in plaintiffs. In any event, a relatively small number of opt-in plaintiffs counsels against a disproportionately large number of Named Plaintiffs.

collective action to file a written consent to join the collective action."). All individuals not identified as Named Plaintiffs in the revised First Amended Complaint but who have already filed a Consent to Join will be classified as opt-in plaintiffs. Any current plaintiff who has not filed a Consent to Join by the time the plaintiffs file the revised First Amended Complaint will be dismissed without prejudice but may nonetheless rejoin by filing a Consent to Join.

Regarding the plaintiffs' concerns about "loss" of their individual claims "if certification is unsuccessful" (Doc. No. 62 at 3), the law is clear that, once a collective action claimant files a written consent, the statute of limitations is tolled as to that individual's claim.[4] If the court subsequently decides that opt-in plaintiffs in a collective action are not sufficiently similarly situated to proceed as a collective action, the court typically will "dismiss the opt-in plaintiffs without prejudice, and permit any remaining parties to proceed to trial." *Cunningham v. Roundy's Ill., LLC*, No. 1:21-cv-05368, 2022 WL 17740421, at *3 (N.D. Ill. Dec. 16, 2022) (citing Wright, Miller & Kane, *Fed. Prac. & Proc.* § 1807); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (7th Cir. 2001)); *see also Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir.

---

[4] As this court has repeatedly found, equitable tolling may apply in certain circumstances to extend the limitations period in FLSA actions. *See, e.g.*, *Avelar v. HC Concrete Constr. Grp., LLC*, No. 3:22-CV-00292, 2022 WL 17853367, at *9 (M.D. Tenn. Dec. 22, 2022) (noting that the "FLSA's opt-in mechanism necessarily contemplates a lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form," but that Congress "has never explicitly prohibited the federal judiciary from equitably tolling the statute of limitations in FLSA cases" and finding equitable tolling warranted in that case), *modified in other part*, No. 3:22-CV-00292, 2023 WL 1120882 (M.D. Tenn. Jan. 27, 2023).

Accordingly, the court will, at the appropriate time, entertain arguments for tolling the limitations period from the date this lawsuit was filed for any individual who initiated this action as a named plaintiff but later became an opt-in plaintiff as a result of this court's ruling on the defendant's Motion to Sever.

The nature of any tolling analysis for individuals who file a Consent to Join at some date later than the date on which the collective action complaint is actually filed will likely be different than for those who have already filed a Consent to Join or do so with the filing of the revised First Amended Complaint.

2012) ("'[W]hen a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs,'—which is just what happens when a Rule 23 class is decertified: the unnamed class members go poof and the named plaintiffs' claims revert to being individual claims." (quoting *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010))); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."); *Merriwether v. Temple Plaza Hotel, Inc.*, No. 19-11854, 2021 WL 9540623, at *2 (E.D. Mich. Feb. 19, 2021) (quoting *Mooney*); *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007) (citing *Hipp*).[5]

If any opt-in plaintiffs are dismissed without prejudice, the statute of limitations commences running again as to their claims, but they have the option to refile individual actions. *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1380 (11th Cir. 1998) ("Once the district court enters the order denying class certification, however, reliance on the named plaintiffs' prosecution of the matter ceases to be reasonable, and . . . the excluded putative class members are put on notice that they must act independently to protect their rights."). In addition, some courts have held that, "[t]o avoid prejudice to opt-in plaintiffs, the court may invoke its equity powers to toll the statute of limitations in FLSA collective actions for a reasonable period following the decertification order." *Cunningham*, 2022 WL 17740421, at *4 (collecting cases). Although more cumbersome, this procedure would not differ significantly from the entry of orders severing and transferring the claims of individual plaintiffs.

Thus, the plaintiffs are correct that, if they are not Named Plaintiffs, their claims could be dismissed if this court ultimately finds that this case should not proceed as a collective action.

---

[5] The Sixth Circuit does not appear to have addressed this issue.

However, they continue to have the choice of staying in this case as opt-in plaintiffs or pursing their individual claims in the appropriate fora. And any potential prejudice arising from their status as opt-in plaintiffs is a function of the statutory scheme and not a factor that enables them to avoid the application of Rule 21.

## III.    CONCLUSION

The plaintiffs' Motion for Leave to File Amended Complaint (Doc. No. 54) will be granted in part and denied in part. The plaintiffs will be permitted to file a revised First Amended Complaint in substantially the same form as the proposed First Amended Complaint filed with their motion, but the revised version must comply with the limitations set forth herein. Specifically, the case caption should identify a manageable number of Named Plaintiffs, preferably no more than ten, and the "Parties" section of the pleading should list and identify only the same individuals. Any Named Plaintiff should also file a Notice of Consent to Join contemporaneously with the revised First Amended Complaint if he or she has not done so already, and any individuals who have not filed a Notice of Consent to Join by the time the plaintiffs file the revised First Amended Complaint will be dismissed without prejudice.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge