# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANIEL WHITE *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01169 |
| ) | Judge Aleta A. Trauger |
| DOLGENCORP, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

Before the court is the Motion to Dismiss or Strike Collective Allegations from the First Amended Complaint (Doc. No. 72), filed by defendant Dolgencorp, LLC ("Dollar General"). The plaintiffs oppose the motion (Doc. No. 76), and Dollar General filed a Reply in further support of its motion (Doc. No. 81). For the reasons set forth herein, the motion will be denied.

The primary basis for Dollar General's motion is that the court previously declined to permit the plaintiffs to proceed individually in this FLSA action, finding in that context that a lawsuit with 75 named plaintiffs would be unmanageable. (*See generally* Memorandum, Doc. No. 49.) Dollar General has grabbed onto this language to argue that it is now the law of the case and precludes the plaintiffs from pursuing this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), through 10 named plaintiffs on behalf of themselves and 46 opt-in plaintiffs. (*See* First Am. Compl., Doc. No. 67.)

The FLSA, however, expressly authorizes "any one or more employees" to bring suit against an employer who violates the minimum wage and overtime wage provisions of 29 U.S.C. § 206 or 207 "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The court's language regarding the unmanageability of a lawsuit with 75

individually named plaintiffs has little bearing on the plaintiffs' ability to bring this lawsuit as a collective action in accordance with the FLSA itself and the court's previous directives. (*See, e.g.*, Doc. Nos. 64 and 65 (Memorandum and accompanying Order granting the plaintiffs leave to file a revised First Amended Complaint under the FLSA's collective action provision with no more than ten named plaintiffs).) The court did not, as Dollar General claims, find that the plaintiffs' claims are "not suitable for collective treatment" because determining whether each individual plaintiff could establish a claim for violation of the FLSA's overtime provision would require a "fact-intensive and individualized inquiry." (Doc. No. 73 at 7.) Instead, the court found that a lawsuit with 75 individually named plaintiffs would be unmanageable. The law of the case simply does not apply in this situation.

The defendant also relies on *dictum* from *Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023), in which the Sixth Circuit observed that, in a collective action under § 216(b), unlike in a class action under Federal Rule of Civil Procedure 23, "the district court simply adds parties to the suit." (Doc. No. 73 at 12 (quoting *Clark*, 68 F.4th at 1009).) That may be so, but different procedures pertain, and the case management issues are altered by structuring the case as a collective action. Regardless, *Clark* emphasized that whether plaintiffs may litigate federal overtime claims in a collective action under § 216(b) depends primarily upon whether the plaintiffs can show that they and the opt-in plaintiffs are "similarly situated." *Clark*, 68 F.4th at 1007; *see also Canaday v. Anthem Cos.*, 9 F.4th 392, 403 (6th Cir. 2021) ("Plaintiffs in an FLSA collective action need only show that their employment makes them similarly situated to one another." (citing 29 U.S.C. § 216(b))). *Clark* addressed the showing necessary for plaintiffs to be entitled to court-facilitated notice to potential opt-in plaintiffs, which is simply not at issue in this case, as the plaintiffs have never requested court-facilitated notice and have indicated that

they have no intention of doing so.

The plaintiffs, ultimately, will be required to establish such substantial similarity to be allowed to continue to proceed collectively. This case has been hung up in a procedural morass since 2023, and the plaintiffs have not yet had the opportunity to make such a showing. The law is nonetheless clear that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all plaintiffs." *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 664 (2016). Plaintiffs are also similarly situated when "their claims [are] unified by common theories of defendants' statutory violations, *even if the proofs of these theories are inevitably individualized and distinct*." *Id.* (emphasis added).

In short, Dollar General's Motion to Dismiss or Strike Collective Allegations from the First Amended Complaint (Doc. No. 72) is **DENIED**.

In addition, that portion of the court's December 20, 2024 Order provisorily granting Dollar General's Motion to Sever and Transfer (Doc. No. 50) is **VACATED**, as the plaintiffs elected to proceed under the collective action provision of § 216(b).

A case management conference is hereby set for **February 9, 2026** at **1:00 p.m.** By **February 4, 2026**, the parties **SHALL** file a proposed case management order that sets all necessary deadlines.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge