# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| DANIEL WHITE, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-CV-01169 |
| | ) | Judge Trauger |
| DOLGENCORP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED SUPPLEMENTAL REPORT OF THE PARTIES' PLANNING MEETING

Plaintiffs and Defendant Dolgencorp, LLC ("Dollar General") (each a "Party," all together "the Parties"), through their respective undersigned counsel, submit this Amended Supplemental Report of the Parties' Planning Meeting ("Amended Report") in accordance with the February 9, 2026 Case Management Conference:

A.     JURISDICTION: The Parties agree that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA"). The Parties also agree that venue is proper under 28 U.S.C. § 1391(b), in part because Dollar General's headquarters are located in the Middle District of Tennessee, except that if the Court ultimately rules that the Plaintiffs are not "similarly situated" within the meaning of 29 U.S.C. § 216(b), then the Court's December 20, 2024 Order Granting Dollar General's Motion to Sever and Transfer shall be restored. Moreover, Dollar General notes that jurisdiction and venue are both subject to the Joint Stipulation Confirming Agreement to Not Pursue Court-Facilitated Notice Under 29 U.S.C. § 216(b) ("Joint Stipulation") filed on December 5, 2026 (Dkt. #86).

B.     BRIEF THEORIES OF THE PARTIES:

1)     **PLAINTIFFS:** The fifty-six (56) Named Plaintiffs and Opt-in Plaintiffs

contend that as salaried paid employees, titled Store Manager, they were mis-classified as overtime exempt, and pursuant to § 207 of the FLSA, for the three years preceding November 6, 2023, to date, they are entitled to unpaid overtime compensation for hours worked over 40 in any week. Plaintiffs also claim they are entitled to liquidated damages, attorneys' fees, and costs.

2) **DEFENDANT:** Dollar General contends that the Plaintiffs' individual job duties made each of them exempt from FLSA overtime requirements, and that it is entitled to trial (or other determination) of each Plaintiff's individual claim.

C. STIPULATION: For the reasons set forth in the Joint Stipulation, the Parties stipulate as follows:

1) Plaintiffs must seek leave from the Court before adding or substituting named plaintiffs or opt-in plaintiffs from the current group of Named Plaintiffs and Opt-in Plaintiffs that have filed written consents to opt-in this action prior to the date of the Joint Stipulation;

2) Plaintiffs will not attempt to expand this matter by seeking leave to add new named plaintiffs or opt-in plaintiffs who have not filed written consents to opt-in this action prior to the date of the Joint Stipulation;

3) Plaintiffs will not attempt to expand this matter by seeking court-facilitated notice to other similarly situated individuals pursuant to the notice procedures set forth and grounded in 29 U.S.C. § 216(b); and

4) Relying on Plaintiffs' stipulations herein, Dollar General will not move to compel arbitration for those Named Plaintiffs and Opt-in Plaintiffs in this action who are subject to an arbitration agreement with Dollar General.

2

D.  ISSUES RESOLVED: Jurisdiction and venue, subject to the caveats set forth in sections A and C, above.

E.  ISSUES STILL IN DISPUTE: Whether the Named Plaintiffs and Opt-in Plaintiffs are similarly situated for purposes of 29 U.S.C. § 216(b) and will proceed on a collective basis; liability with respect to the claims asserted in the First Amended Complaint; and damages.

F.  INITIAL DISCLOSURES: The Parties shall exchange by MARCH 20, 2026, the information required under FED. R. CIV. P. 26(a)(1).

G.  DISCOVERY: All discovery shall be commenced in time to be completed by MARCH 1, 2027.

1)  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

2)  In the event the Court grants Plaintiffs' Rule 216(b) Motion to Proceed on a Collective Basis finding the Named Plaintiffs and Opt-in Plaintiffs are similarly situated, and notwithstanding the discovery deadline set forth in Section G, above, the Parties shall be allowed a sixty (60) day period to conduct further discovery in preparation for trial.

H.  MOTIONS TO AMEND: No causes of action, defenses, or parties may be added without leave of the Court.

I.  MOTION TO PROCEED AS A COLLECTIVE ACTION:

1)  Plaintiffs' Rule 216(b) Motion to Proceed on a Collective Basis shall be filed no later than October 2, 2026.

2)  Defendant's Opposition shall be filed by November 13, 2026.

3)  Plaintiffs' Reply shall be filed by December 4, 2026.

3

4) The Parties shall not file any motion for the Court to reconsider or "de-certify" its ruling on whether the Opt-in Plaintiffs are similarly situated to the Named Plaintiffs, other than a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b) which can be filed within 14 days of the Court's ruling without leave of the Court.

  i. **Defendant proposes** the following language to be added at the end of Section I(4): "Any other motion to reconsider or 'de-certify' must be made with leave of the Court and will be granted only in limited circumstances."

  ii. **Plaintiffs oppose** the inclusion of the above proposed language. Plaintiffs assert that, during the status conference, in exchange for a motion deadline to proceed collectively set before the close of discovery, the Court requested that Defendant waive its right to file before trial any motion to reconsider or to "decertify" the Court's similarly situated finding. Plaintiffs oppose inclusion of Defendant's proposed language, which, in lieu of a waiver, would permit Defendant to seek leave of Court to file a motion to reconsider or to "decertify" the similarly situated finding. To the extent such language is nevertheless included in the Court's order, Plaintiffs respectfully request that the deadline to file a motion to proceed on a collective basis be set for 30 days after the close of discovery.

J. JOINT MEDIATION REPORT: The Parties shall file a Joint Mediation Report by December 10, 2026.

K. DISPOSITIVE MOTIONS:

1) The Parties shall file any dispositive motions by no later than April 15, 2027. Defendant shall have the right to file separate dispositive motions for each Named Plaintiff

4

and Opt-in Plaintiff.

2)      Any opposition to a dispositive motion shall be filed no less than 21 days of the filing of the motion.

3)      Any reply to a dispositive motion shall be filed no less than 10 days of the filing of the opposition.

L.      DISCLOSURE OF EXPERTS:

1)      The Parties shall exchange reports from retained experts requiring disclosure under FED. R. CIV. P. 26(a)(2) no less than 60 days after the Court's ruling on all dispositive motions.  Rebuttal expert reports are due 30 days after service of the opposing party's initial expert report.

M.      DEPOSITIONS OF EXPERT WITNESSES: Any person who has been identified as an expert whose opinions may be presented at trial may be deposed no less than 120 days after the Court's ruling on all dispositive motions. If FED. R. CIV. P. 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

N.      ELECTRONIC DISCOVERY: **The Parties agree that** disclosure or discovery of electronically-stored information will be handled as follows: To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs.  A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement by the parties or upon a ruling by the Court for such information in that format.

O.      ESTIMATED TRIAL TIME: **The Parties propose that** the establishment of an estimated trial time shall be deferred to a further conference to be held after the Court's ruling on

5

Plaintiffs' Rule 216(b) Motion to Proceed on a Collective Basis. To the extent the case then remains pending in this District, the Parties will confer related to the estimated trial time expected.

Respectfully submitted this 24th day of February 2026.

| | |
|---|---|
| /s/ Robert J. Camp (w/ permission) | /s/ Joel S. Allen |
| Robert J. Camp | Joel S. Allen |
| (Admitted Pro Hac Vice) | (Admitted Pro Hac Vice) |
| AL BAR NO. ASB-1864-O76C | Texas Bar No. 00795069 |
| WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC | MCGUIREWOODS LLP |
| The Kress Building | 2601 Olive Street, Suite 2100 |
| 301 19th Street North | Dallas, Texas 75201 |
| Birmingham, Alabama 35203 | Telephone: (214) 932-6400 |
| Telephone: (205) 314-0500 | jallen@mcguirewoods.com |
| rcamp@wigginschilds.com | |
| | Chen G. Ni |
| Daniel Arciniegas. | TN BPR No. 032276 |
| TN BPR No. 35853 | MCGUIRE WOODS LLP |
| ARCINIEGAS LAW | 77 West Wacker Dr., Suite 4100 |
| The Atrium Building | Chicago, Illinois 60601 |
| Franklin, Tennessee 37069 | Telephone: (312) 849-8164 |
| Telephone: (629) 777-5339 | cni@mcguirewoods.com |
| Daniel@AttorneyDaniel.com | |
| | M. Reid Estes, Jr. |
| **ATTORNEYS FOR PLAINTIFFS** | DICKINSON WRIGHT PLLC |
| | 424 Church St., Suite 800 |
| | Nashville, TN 37219 |
| | Telephone: (615) 620-1737 |
| | restes@dickinson-wright.com |
| | |
| | **ATTORNEYS FOR DEFENDANT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of February, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve notice on all counsel of record in this action.

/s/ Joel S. Allen